IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| KELVIN DAVIS, et al.,<br><br>　　Plaintiffs,<br><br>vs.<br><br>HONORABLE JUDGE DIANE WILKINS, et al.,<br><br>　　Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO SET ASIDE ORDER GRANTING EXTENSION OF TIME AND DENYING MOTION FOR RULE 11 SANCTIONS<br><br><br>Case No. 1:07-CV-148 TS |

Plaintiffs seek to set aside the Court's Order[1] granting Defendants an extension of time to file their response to Plaintiffs' Motions for a Default. Plaintiffs also seek Rule 11 sanctions on the ground that Defendants' counsel failed to inform the Court that the time to respond had expired before he filed the Motion to Extend Time.

---

[1]Docket No. 47 (Docket Text Order granting Defendant's Motion for Extension of Time to file responses to Motions for Default).

The parties disagree on the due date for Defendants' response to the Motions for Default. The Court finds the Motions for Default[2] were electronically filed on August 13, 2008. Because Plaintiffs' counsel is not a registered electronic filer (efiler), Plaintiffs' counsel was required to include the certificates of service together with the filed motions.[3] However, the certificates of service were not included with the filed motions.

As a result of Plaintiffs' counsel's failure to comply with the certificates of service requirement, Defendants' counsel was justified in assuming he had fifteen days,[4] from the date that Plaintiffs' counsel actually mailed copies of the Motions for Default to Defendants' counsel, plus the three-day mailing period.[5] As shown by the postmark, it appears the copies of the Motions were mailed to Defendants' counsel on or about August 27, 2008.[6]

---

[2] Docket Nos. 40, 41, 42.

[3] Fed. R. Civ. P.5 (a)(1)(d) (requiring papers to be filed "together with a certificate of service"); Administrative Procedures Manual, § II H(4) (providing exception to certificate of service requirement only when *all* parties are efilers). The Administrative Procedures Manual is available on the court's Web site, under the Electronic Case Filing menu. *See also* DUCivR 5-1(a) (providing papers may be filed, signed, and verified by electronic means consistent with the administrative procedures adopted by the court).

[4] DUCivR 7-1(b)(3).

[5] The three-day mailing rule of Fed. R. Civ. P. 6(d) applies to electronic filing. Administrative Procedures Manual at § II H(5).

[6] Docket No. 57-2.

If the certificates had been included with the filed motions, the fifteen-day response time would have begun to run on August 14, 2008.[7]  Including three days for mailing, the response would have been due on the three-day Labor Day weekend.  If Saturdays, Sundays, and holidays are excluded from the three-day mailing requirement, the response would then have be due on September 3, 2008, the day the Defendants filed the Motion to Continue.

Further, even if Saturdays, Sundays, and holidays were excluded from the three-day period, the Court finds that, in the absence of the required certificate of service in the filed papers, reliance on the date opposing counsel appeared to have actually mailed a document is "excusable neglect" within the meaning of Rule 6(b)(1)(B).[8]  Therefore, there was good cause to extend the time.   Accordingly, the Court finds no grounds to vacate its prior Order extending the time.

The Court finds no basis for imposing sanctions under Fed. R. Civ. P. 11.  It was Plaintiffs' counsel's failure to file his certificates of service together with his Motions that resulted in Defendants' counsel's understanding of the time to respond.

The Court further finds that Plaintiff's Rule 11 Motion fails to comply with the local rule that requires that it be "accompanied by a memorandum of supporting authorities."[9]

---

[7] Fed. R. Civ. P. 6(a)(1) (excluding the day of the act that begins the period in computing any time period specified in federal or local rules of procedure).

[8] Fed. R. Civ. P. 6(b)(1)(B) provides the court may, for good cause, extend the time to respond on a motion "made after the time has expired if the party failed to act because of excusable neglect."

[9] DUCivR 7-1(b)(1).

The failure to comply with DUCivR 7-1(b)(1) is an independent ground for denial of the Rule 11 Motion. It is therefore

ORDERED that Plaintiffs' Motion to Set Aside Order Granting Extension of Time (Docket No. 52) is DENIED. It is further

ORDERED that Plaintiffs' Motion for Rule 11 Sanctions (Docket No. 53) is DENIED.

DATED   October 7, 2008.

                        BY THE COURT:

                        _____
                        TED STEWART
                        United States District Judge