# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## NORTHERN DIVISION

| | |
|---|---|
| KELVIN DAVIS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> HONORABLE DIANNE WILKINS, et al., <br><br> Defendants. | MEMORANDUM DECISION AND ORDER <br><br> Case No. 1:07-cv-148-CW-PMW <br><br> District Judge Clark Waddoups <br><br> Magistrate Judge Paul M. Warner |

District Judge Clark Waddoups referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Kelvin Davis, et al.'s (collectively, "Plaintiffs") motion to compel.[2] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motion on the basis of the written memoranda. *See* DUCivR 7-1(f).

In May 2011, Plaintiffs issued a subpoena to Wendy Garcia, Lori Holmes, Amy Reid, Charlene Sansone, and Veronica Kasprzak (collectively, "Defendants") seeking documents in their personnel files "related to any performance reviews, reprimands, awards, commendations,

---

[1] *See* docket no. 96.

[2] *See* docket no. 157.

disciplinary actions, complaints, investigations of [Defendants'] employment duties and performance during their entire employment with [the Division of Child and Family Services]."[3] Defendants have refused to provide the requested documents. Consequently, Plaintiffs have filed the instant motion to compel.

"The district court has broad discretion over the control of discovery, and [the Tenth Circuit] will not set aside discovery rulings absent an abuse of that discretion." *Sec. & Exch. Comm'n v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010) (quotations and citations omitted). The general scope of discovery is governed by rule 26(b)(1) of the Federal Rules of Civil Procedure, which provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). "[T]he scope of discovery under the federal rules is broad and . . . 'discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues.'" *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). "Although the scope of discovery under the federal rules is broad, however, parties may not engage in a 'fishing expedition' in an attempt to obtain evidence to support their claims or defenses." *Richards v. Convergys Corp.*, No. 2:05-cv-00790-DAK &

---

[3] Docket no. 158, Exhibit A.

2:05-cv-00812-DAK, 2007 U.S. Dist. LEXIS 9131, at *10 (D. Utah Feb. 6, 2007) (quoting *Munoz v. St. Mary-Corwin Hosp.*, 221 F.3d 1160, 1169 (10th Cir. 2000)).

With respect to the production of personnel files, the Tenth Circuit has indicated that "personnel files often contain sensitive personal information, . . . and it is not unreasonable to be cautious about ordering their entire contents disclosed willy-nilly." *Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 648 (10th Cir. 2008). In *Regan-Touhy*, the Tenth Circuit considered, among other things, the trial court's denial of the plaintiff's motion to compel production of an entire personnel file. *See id*. at 646, 648-49. The Tenth Circuit upheld the trial court's denial of the motion to compel and its conclusion that the request for an entire personnel file was overly broad. *See id*. at 648-49. At the same time, however, the Tenth Circuit stated that personnel files are not "categorically out-of-bounds." *Id*. at 649. The court stated that had the plaintiff "issued a more narrowly targeted request focused only on documents (whether from the personnel file or elsewhere) . . . , [the court] would face a very different question." *Id*. at 649.

In this case, Plaintiffs are not seeking the production of the entire contents of Defendants' personnel files. Instead, Plaintiffs are seeking only those documents from the files that relate to "any performance reviews, reprimands, awards, commendations, disciplinary actions, complaints, investigations of [Defendants'] employment duties and performance."[4] The court concludes that Plaintiffs' subpoena is sufficiently narrow. *See id*. Furthermore, the court concludes that the subpoena seeks information that is relevant to the claims and defenses in this

---

[4] *Id*.

case. *See* Fed. R. Civ. P. 26(b)(1). For these reasons, Plaintiffs' motion to compel is granted. Defendants shall produce documents responsive to the subpoena within thirty days of the date of this memorandum decision and order.

In their response to Plaintiffs' motion, Defendants have indicated that there may not be any documents to produce in response to Plaintiffs' subpoena. If that is the case, Defendants may indicate to Plaintiffs, by way of an affidavit, that there are no documents to produce in response to any part of the subpoena.

Finally, in order to protect any privacy concerns that Defendants may have, any production in response to the subpoena may be made subject to the terms of the protective order that has been entered in this case.[5]

In summary, **IT IS HEREBY ORDERED** that Plaintiffs' motion to compel[6] is **GRANTED**, as detailed above.

**IT IS SO ORDERED**.

DATED this 4th day of November, 2011.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[5] *See* docket no. 135.

[6] *See* docket no. 157.